UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA CROWDER, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-6623 |
| STATE FARM FIRE and CASUALTY COMPANY | SECTION:  C (5) |

### ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action.  The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 6). Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal

1

court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983). The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

In response to the Court's order, State Farm Fire and Casualty Company ("State Farm") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 9). To illustrate the amount in controversy, State Farm points to the plaintiffs' policy limit of $322,770 under dwelling, and $225,939 for contents. The plaintiffs clearly allege in their petition that State Farm has failed to pay $30,000 of the amount spent to repair hurricane damages. Petition ¶ 11. They also seek penalties under Louisiana law. State Farm asserts that the plaintiffs' request for penalties places their claim over the jurisdictional minimum.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. The relevant inquiry concerns damage

to the property, not the value of the policy.  As set forth in their petition for damages, the plaintiffs seeks the unpaid amount spent to repair hurricane damages, $30,000 and unspecified penalties under Louisiana law.  The amount the plaintiffs might recover in penalties is entirely speculative, and so is the possibility that such penalties might account for the difference between $30,000 and the minimum jurisdictional amount.  The defendant does not point to, nor can the Court find, anything that would suggest otherwise.

Thus, based on the record and the law, the Court finds that the defendant has not established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum.  The Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 11th day of December, 2007.

    _____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE